**COSTELLO & MAINS, LLC**
By: Deborah L. Mains, Esquire
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LAFAYETTE V. ADAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| PETSMART, INC. and JOHN DOES 1-5 | : | DOCKET NO: |
| AND 6-10, | : | |
| | : | |
| Defendants. | : | **COMPLAINT AND JURY DEMAND** |

Plaintiff, Lafayette V. Adams, residing in the County of Camden, New Jersey, by way of Complaint against the Defendants, says:

### Preliminary Statement

This action is brought by Plaintiff to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. Sec. 201, et seq. ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL").

### Jurisdiction and Venue

Jurisdiction of the Court is invoked pursuant to 29 U.S.C. Sec. 216(b), 28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1332.

Because Plaintiff and Defendant are residents of the District of New Jersey, venue is proper within the District pursuant to 28 U.S.C. Sec. 1391.

## Identification of Parties

1.      Plaintiff Lafayette V. Adams resides in Voorhees, New Jersey, and at all pertinent times herein, was employed by Defendants.

2.      Defendant PetSmart, Inc. ("PetSmart") is a corporation conducting business in the State of New Jersey at 467 Berlin Cross Keys Road, Sicklerville, New Jersey 08081 and is an employer within the meaning of the FLSA and NJWHL.

3.      Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

## General Allegations

4.      Plaintiff began working for Defendant PetSmart on or around December 29, 2009.

5.      Plaintiff was promoted to assistant store lead in or around winter of 2018.

6.      Plaintiff's rate of pay was $21.22 per hour.

7.      Plaintiff was an hourly paid employee throughout the entirety of his employment.

8.      After being promoted to assistant store lead, Plaintiff worked approximately 55 hours per week.

9.       Plaintiff would stay clocked in during all of his hours worked.

10.     At the end of the week, Plaintiff's manager, Krista Gougas, would adjust Plaintiff's hours to falsely reflect that he only worked 40 hours per week..

11.     Plaintiff made complaints to Gougas regarding his hours being adjusted and no action was taken.

12.     For unrelated reasons, Plaintiff ceased working for Defendants on or around January 16, 2020.

13.     Defendant PetSmart failed to pay overtime to Plaintiff in an amount equal to one and a half the regular hourly rate for all hours worked in excess of 40 hours per week.

14.     As an hourly paid employee, Plaintiff cannot be deemed exempt from the overtime requirements of the FSLA or NJWHL.

15.     Defendants refusal to pay overtime mandates the imposition of liquidated damages.

## COUNT I

### FLSA Violation

16.     Plaintiff hereby repeats and realleges paragraphs 1 through 15, as though fully set forth herein.

17.     Plaintiff, during the course of his employment regularly worked more than 40 hours in a work week.

18.     Defendant failed to pay Plaintiff overtime compensation at one and a half times the regular hourly rate for hours worked in excess of 40 in a work week.

19.     Defendant, by the above acts, has violated 29 U.S.C. Sec. 207.

20.     Said violation was willful.

21.     Plaintiff has suffered monetary damages as a result of Defendants' acts.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a Judgment:

(a)     Declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. Sec. 255(a);

(b)     Enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. Sec. 217;

(c)     Directing Defendant to make Plaintiff whole for all unpaid overtime wages due as a consequence of Defendant's violation of the FLSA, together with interest thereon from the date(s) such wages were due but unpaid;

(d)     Directing Defendant to pay Plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

(e)     Awarding Plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. Sec. 216(b); and

(f)     Granting such other and further relief as this Court deems necessary and proper.

## COUNT II

### Violation of the NJWHL

22.     Plaintiff hereby repeats and realleges paragraphs 1 through 21, as though fully set forth herein.

23.     Plaintiff, during the course of his employment, regularly worked more than 40 hours in a work week.

24.     Defendant failed to pay Plaintiff overtime compensation for hours worked in excess of 40 in a work week.

25.     Defendants, by the above acts, has violated the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a4.

26.     Plaintiff is now suffering and will continue to suffer monetary damages as a result of Defendant's acts.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment;

      (a)     Declaring that the acts and practices complained of herein are in violation of the NJWHL;

      (b)     Directing Defendant to make Plaintiff whole for all unpaid overtime wages due as a consequence of Defendant's violation of the NJWHL, together with interest thereon from the date(s) such wages were due but unpaid;

      (c)     Awarding Plaintiff liquated damages;

      (d)     Awarding Plaintiff the costs of this action, together with reasonable attorneys fees; and

      (e)     Granting such other further relief as this Court deems necessary and proper.

**COSTELLO & MAINS, LLC**

By:  /s/ Deborah L. Mains
          **Deborah L. Mains**

Dated: February 27, 2020

## DEMAND TO PRESERVE EVIDENCE

1.      All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

COSTELLO & MAINS, LLC


By:   /s/ Deborah L. Mains
           Deborah L. Mains


## JURY DEMAND

Plaintiff hereby demands a trial by jury.

COSTELLO & MAINS, LLC


By:   /s/ Deborah L. Mains
           Deborah L. Mains

## DESIGNATION OF TRIAL COUNSEL

Deborah L. Mains, Esquire, of the law firm of Costello & Mains, LLC, is hereby-

designated trial counsel.

**COSTELLO & MAINS, LLC**


By: **/s/ Deborah L. Mains**
        **Deborah L. Mains**

7